T.C. Memo. 1997-450


UNITED STATES TAX COURT


ROBERT A. FISHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15319-96.                    Filed October 1, 1997.


Robert A. Fisher, pro se.

<u>John R. Mikalchus</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to tax | |
|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1987 | $46,761 | $11,690 | $2,525 |
| 1988 | 52,610 | 13,071 | 3,340 |
| 1989 | 54,367 | 13,592 | 3,678 |
| 1990 | 31,418 | 7,801 | 2,054 |
| 1991 | 17,883 | 4,471 | 1,023 |
| 1992 | 43,839 | 10,957 | 1,909 |

After concessions, the issues for decision are: (1) Whether bank deposits totaling $574,094[1] constitute income to petitioner, and (2) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6654(a).[2]

---

[1]Respondent has conceded the following reductions to petitioner's self-employment income as determined in the notice of deficiency:

| Year | Per Notice of Deficiency | Reduction | Corrected Amount |
|---|---|---|---|
| 1987 | $116,177 | ($300) | $115,877 |
| 1988 | 158,626 | (29,099) | 129,527 |
| 1989 | 153,169 | (14,414) | 138,755 |
| 1990 | 88,044 | (20,739) | 67,305 |
| 1991 | 49,773 | (6,781) | 42,992 |
| 1992 | 101,022 | (21,384) | 79,638 |
| Total | $666,811 | ($92,717) | $574,094 |

Respondent also conceded that petitioner's capital gains, as determined in the notice of deficiency for 1990, should be reduced by $765.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Silver Spring, Maryland, at the time he filed his petition.

Petitioner did not file Federal income tax returns for the taxable years 1987 through 1992. When respondent's revenue agent first contacted petitioner, petitioner refused the revenue agent's request to file the appropriate tax returns and refused to provide any of his books and records or copies of bank statements. The revenue agent obtained information reporting documents (IRP) which had been filed with the Internal Revenue Service and which reported miscellaneous income paid to petitioner by third parties. Included in the IRP data were Forms 1099 which reported amounts petitioner received from the sale of securities. The revenue agent included the proceeds of each security sale reported on the IRP data in petitioner's income. Petitioner never provided information to respondent's revenue agent regarding the cost basis of the sold securities. However, to the extent respondent's revenue agent was able to obtain information regarding petitioner's cost basis, gain from the sale of the securities was reduced by the verifiable cost basis.

Using the IRP information, the revenue agent identified several bank accounts that were in petitioner's name or in the

joint names of petitioner and his wife. The revenue agent served a summons upon each of the banks to produce statements showing deposit and withdrawal activity for each of petitioner's accounts. On September 1, 1993, petitioner filed a petition to quash respondent's summons of his bank records. The petition to quash alleged that respondent committed fraud and misrepresentation in obtaining the summons because the summons itself was not issued by the Secretary. On February 4, 1994, the U.S. District Court for the District of Columbia held that the petition to quash was meritless and ordered summary enforcement of the summons.

After obtaining the bank statements,[3] respondent's revenue agent determined the amount of income received by petitioner based on the deposits to the various accounts. Included in the bank deposits made by petitioner were payments he received as a public insurance adjuster during the years at issue. Also included in the bank deposits were two checks totaling $38,967, which petitioner received on April 7, 1989, from the City of Baltimore for professional services rendered to the city. To the extent respondent's revenue agent could verify transfers between petitioner's accounts, the revenue agent reduced the income calculation by each amount which was transferred between accounts

---

[3]All the monthly bank statements were obtained by the revenue agent except for the August 1987 statement. Respondent's revenue agent estimated the amount of August deposits by using a weighted average of all the deposits in that year.

to prevent counting of deposits as income twice. Similarly, amounts that the revenue agent found in the IRP data, and which were also included in the bank deposit records, were removed from the bank deposit calculation to prevent double counting.

OPINION

Petitioner contends that respondent's determinations in the notice of deficiency should not be given a presumption of correctness because the determinations are arbitrary. Respondent's determinations are entitled to a presumption of correctness. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner's argument implies that, because respondent has made a number of errors or concessions, the notice of deficiency is therefore arbitrary. We find no merit to this argument. A determination that some part of a deficiency is erroneous does not necessarily make the deficiency notice arbitrary. Wells v. Commissioner, T.C. Memo. 1983-788.

We find no flaw in respondent's method of reconstructing petitioner's income using the bank deposits method. The use of the bank deposits method for computing income has long been sanctioned by the courts. When a taxpayer keeps no books or records and has large bank deposits, the Commissioner is not arbitrary or capricious in resorting to the bank deposits method. Mills v. Commissioner, 399 F.2d 744, 749 (4th Cir. 1968), affg. T.C. Memo. 1967-67; DiLeo v. Commissioner, 96 T.C. 858, 867

(1991), affd. 959 F.2d 16 (2d Cir. 1992). Because petitioner failed to produce books and records, respondent reconstructed his income from bank deposits. Respondent's reconstruction consisted of adding petitioner's deposits, identifying any deposits which represented interaccount transfers, and identifying duplications with the IRP information. At trial, respondent further made reductions in the bank deposits calculation. Petitioner has failed to show that respondent improperly reconstructed his gross income. Indeed, respondent has provided sufficient evidence to convince this Court that the notice of deficiency was neither arbitrary nor unreasonable. Therefore, the burden rests with petitioner to demonstrate that respondent's determinations are erroneous. Rule 142(a).

Petitioner has introduced no credible evidence that disproves any element of respondent's deficiency determination. Petitioner failed to produce books or records. However, we shall address several issues petitioner raised at trial regarding the accuracy of respondent's determinations. First, petitioner testified that while he was employed as a public insurance adjuster, he deposited funds into his account and later transferred a portion of the same funds to his clients. However, petitioner failed to offer any evidence regarding the specifics of these alleged transfers to alleged clients. He produced no canceled checks, witnesses, or other records. We find that petitioner's vague and self-serving testimony does not substitute

for the requirement that he maintain books and records.  Mills v. Commissioner, supra at 749; Harper v. Commissioner, 54 T.C. 1121, 1129 (1970).

Second, respondent reduced petitioner's income attributable to the sale of certain securities by the amount of petitioner's verifiable basis in those securities.  With respect to the sale of other securities, respondent included all the proceeds in petitioner's income because no information was provided by petitioner regarding his basis.  Petitioner bears the burden of demonstrating that he is entitled to a basis in the securities in excess of that determined by respondent.  Rule 142(a); Burnet v. Houston, 283 U.S. 223, 227-228 (1931).  Section 1012 provides that the basis of property shall be the cost of such property.  Under the circumstances present here, "cost", for purposes of the Code, means the amount paid by petitioner.  Detroit Edison Co. v. Commissioner, 319 U.S. 98, 102 (1943); Borg v. Commissioner, 50 T.C. 257, 263 (1968).  Petitioner did not provide respondent with any evidence regarding the cost to him of any of the sold securities.  We find that petitioner has not met his burden of proving that he paid any amount in excess of that determined by respondent.

Third, petitioner asserts that the bank charges that are recorded on his bank statement should be allowed as deductions in respondent's calculation of income.  Section 162 allows as a deduction all the ordinary and necessary business expenses paid

or incurred during the taxable year.  Although the bank statements may be taken as substantiation that bank charges were paid, petitioner did not offer any evidence that any part of the bank charges was ordinary and necessary business expenses. Petitioner's bank accounts appear to be personal in nature, and there is no indication that the accounts were used in a trade or business.  We find that petitioner has not met his burden of proving that bank charges are proper deductions.

Respondent also determined additions to tax under section 6651(a)(1) for petitioner's failure to file his 1987 through 1992 returns.  Section 6651(a)(1) imposes an addition to tax of 5 percent of the amount of the tax due for each month a return is delinquent, up to a maximum of 25 percent.  The addition to tax is not applicable if it is shown that such failure is due to reasonable cause and not willful neglect.  Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner has the burden of proving that his failure to file was due to reasonable cause and not willful neglect.  Niedringhaus v. Commissioner, 99 T.C. 202, 220-221 (1992).

Petitioner has failed to show that his failure to file returns for the taxable 1987 through 1992 was due to reasonable cause and not willful neglect.  Petitioner is liable for the additions to tax under section 6651(a)(1) for the taxable years 1987 through 1992.

Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654(a) for failure to pay estimated income tax. For the years in issue, petitioner had substantial taxable income but made no estimated tax payments. Imposition of the addition to tax under section 6654(a) applies unless petitioner shows that one of the several statutory exemptions applies. Sec. 6654(a); <u>Niedringhaus v. Commissioner</u>, <u>supra</u> at 222; <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). Petitioner has made no such showing.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.